IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **STUART PORTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 3052 |
| | ) | |
| **NOVARTIS PHARMACEUTICALS CORPORATION**, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action, originally filed against Novartis Pharmaceuticals Corporation ("Novartis") in the Circuit Court of Cook County and then removed to this District Court on the basis of diversity jurisdiction, sustained a multiyear detour when the Panel on Multidistrict Litigation included this action in an entire package of cases that asserted product liability stemming from the use of two FDA-approved medications (Aredia and Zometa) and that the Panel reassigned to the United States District Court for the Middle District of Tennessee ("MDL Court"). Because those medications are basically prescribed for terminally ill patients, both the MDL Court and the litigants before it anticipated that many of the plaintiffs would die before their suits could be concluded. That led to the MDL Court's inclusion in its Case Management Order of a set of special protocols to govern substitutions for any later-deceased plaintiffs, supplementing the requirements of Fed. R. Civ. P. ("Rule") 25(a).

When the MDL Court retransferred this action to this District Court a few months ago (on March 4, 2014), it came burdened with an existing motion to dismiss initially brought by Novartis back in 2010, which asserted that the requirements for substitution prescribed by

Rule 25(a)(1), the MDL Court's Case Management Order and Illinois state law had not been complied with and that such noncompliance was fatal to this action. Original plaintiff Stuart W. Porter had indeed died on May 25, 2010, and it was not until more than six months later -- after Novartis had already moved for dismissal -- that plaintiff's counsel filed a Suggestion of Death stating that "Stuart D. Porter,[1] Executor of the Estate of Stuart W. Porter, will be substituted in this action so that Stuart W. Porter's claims survive and the action may proceed on his behalf." But the problem with counsel's representation in that Suggestion of Death was that it was false -- although Stuart D. Porter <u>was</u> named as Executor in Stuart W. Porter's will, he had not been court-appointed to that status at the time that the quoted representation was made, and he has indeed not been court-appointed even now.

That situation calls for a close look at the controlling legal requirements. First, here is Rule 25(a)(1) -- note particularly the reference to "the proper party" in the first sentence and the provision for mandatory dismissal in the third:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As for the MDL Court's Case Management Order, its Section V deals with "substitution of plaintiffs," echoes the Rule 25(a)(1) suggestion-of-death requirement, specifies that the motion for substitution must "describe why the proposed substitute plaintiff is a 'proper party'" and then goes on to state in relevant part:

---

[1] [Footnote by this Court] Original plaintiff Stuart W. Porter was the father of Stuart D. Porter.

2. In the event that applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff, plaintiff's counsel shall initiate or cause to be initiated proceedings to open an estate and/or obtain the appointment of a personal representative for plaintiff within thirty (30) days of the plaintiff's death or thirty (30) days from entry of this Order, whichever is later.

\*   \*   \*

3. Plaintiff's failure to comply with the provisions of this Section, including the requirement that an Order appointing the substitute plaintiff as the decedent's personal representative be filed prior to remand where the Court grants a provisional substitution, will entitle Defendant to request a dismissal of plaintiff's action with prejudice in accord with Fed. R. Civ. P. 25(a).

Although the litigants here agree that the determination of who is a "proper party" looks to state law for its substantive content, they differ as to the direction in which that inquiry points. There is no dispute that the motion for substitution filed in the MDL Court back in December 2010 (after Novartis' motion to dismiss had brought the matter to the attention of the MDL Court and plaintiff's counsel) was not only filed months too late but also flat-out misrepresented the situation twice in asserting that Stuart D. Porter had been "appointed the Executor of the Estate of Stuart W. Porter." That falsehood was of course unknown to Novartis and its counsel, so that it did not oppose the substitution, and the MDL Court then approved it. Indeed, just two months later, when Stuart D. Porter was deposed, both he and his counsel repeated the misrepresentation that he was "the administrator" and "personal representative" of the estate. And here is Novartis' Mem. n.4 filed in this District Court on May 23 of this year:

> The probate authority in Cook County, Illinois, the location of Stuart W. Porter's last residence in Illinois confirmed to Novartis counsel that no estate was ever opened for Stuart W. Porter and that no one ever requested appointment or obtained appointment as the representative for him or his estate. Novartis counsel likewise checked with the probate authorities in nearby Lake County, Illinois and McHenry County, Illinois, in Riverside County, California (where Stuart W. Porter was reported to have traveled frequently), and in Norfolk County, Massachusetts (where Stuart D. Porter resides) -- all of which confirmed that no

estate was ever opened for Stuart W. Porter and that no one ever requested appointment or obtained appointment as the representative for Stuart W. Porter or his estate in any of those locations. *See* Declaration of Michael Casady ("Casady Decl.") (Exhibit 7).

With all of that as background, it is time to look at the Illinois law applicable to survival actions such as this one (see 755 ILCS 5/27-6). On that score <u>Will v. Northwestern Univ.</u>, 378 Ill. App. 3d 280, 881 N.E.2d 481 (1st Dist. 2007) provides the most helpful guide. Here, in the "Standing" section of that opinion (but omitting the citations to, and quotations from, the flock of earlier cases that support the following summary), are the relevant principles as stated in <u>Will</u>, 378 Ill. App. 3d at 289-90, 881 N.E.2d at 492-93:

> Illinois law has long made clear that, under both of these [referring to wrongful death and survival actions], the cause of action must be brought by and in the name of the representative or administrator of the decedent's estate. It is to this administrator that the right of action accrues and it is this administrator who possesses the sole right of action or control over the suit; the beneficiaries or heirs have neither a right of action nor any control. Simply put, wrongful death and survival actions do "not create an individual right in a beneficiary to bring suit."

Most importantly, an executor nominated in a decedent's will does not have power to act in that respect until an Illinois probate court issues "letters testamentary" (755 ILCS 5/6-8 and 5/6-14). Until then the designated executor's powers extend <u>only</u> "to the carrying out of any gift of the decedent's body or any part thereof, to the burial of the decedent, the payment of necessary funeral charges and the preservation of the estate" (755 ILCS 5/6-14).

All that has gone before in this opinion compels the conclusions (1) that plaintiff and his counsel have simply blown any right to proceed with this action and (2) that time has run out on any opportunity to cure that fatal flaw. Indeed, Novartis' initial memorandum of law in support of its dismissal motion cites a host of other Aredia/Zometa actions that have been dismissed with prejudice based on improper substitutions and other substitution errors -- ten decisions by other

remand courts and three by the MDL Court itself.  And Novartis' just-filed reply memorandum cites to and attaches a copy of a Court of Appeals' per curiam opinion in <u>Wilson v. Novartis Pharms. Corp.</u>, 2014 WL 3378316 (5th Cir. 2014), which less than two weeks ago affirmed such a dismissal under virtually identical circumstances, rejecting the argument that the District Court there had abused its discretion in dismissing the case.

  Among the numerous decisions that have arrived at the dismissal destination, this Court finds most compelling both the Fifth Circuit's <u>Wilson</u> opinion (of course) and the startlingly (almost eerily) parallel opinion of the United States District Court for the Middle District of Pennsylvania in <u>Wallace v. Novartis Pharms. Corp.</u>, 2013 WL 6198943 (M.D. Pa. 2013) -- an opinion that ordered dismissal with prejudice because of the selfsame improprieties that have fatally tainted plaintiff's lawsuit here, including the misrepresentation as to representative status by the substituted plaintiff and the failure to obtain a timely appointment as the personal representative for the original plaintiff's estate as required by state law.  Instead of simply echoing the <u>Wilson</u> court's ruling or the portions of the <u>Wallace</u> opinion that might well have been written for this case, it suffices for this Court to refer to and to adopt the <u>Wallace</u> case's section headed "Failure to Comply with the MDL Court's CMO "(<u>id.</u> at *2-*3) and the following section captioned "Failure to Comply with Rule 25(a)" (<u>id.</u> at *3-*4).

  Clearly unable to escape from the jaws of the figurative steel trap described here, plaintiff's counsel has filed a response that proposes "to cure this technical [sic] deficiency by properly appointing Stuart D. Porter and thereafter seeking leave to file an Amended Complaint." To that end counsel attempts to draw solace from the relation-back provision of 735 ILCS 5/2-616(b).  That effort is truly bizarre, for unlike the substantive question of who qualifies as a "proper party" (a question to be answered under state law) plaintiff's counsel seeks to invoke an

- 5 -

Illinois statutory provision governing pleading, part of the state's Code of Civil Procedure.  That contention seeks to obliterate the bright line that separates substantive state law in diversity cases from the procedural provisions (such as Rule 25(a)(1)) to which this Court and all other federal courts must look as a fundamental matter.

Three fundamental factors, then, interact to thwart plaintiff's effort to breathe life into a claim that was stillborn at its very outset.  First, any establishment of the condition essential to survival of Stuart W. Porter's action after his death is not simply untimely -- it is totally nonexistent, for the "proper party" referred to in Rule 25(a)(1) has never been brought into the action even now, years after that should have taken place.  Second, there is no conceivable way in which Stuart D. Porter could arguably assert "excusable neglect" as a basis for relief from his failure to act in a timely fashion in that respect.[2]  And third, the federal provision for relation back of pleadings (Rule 15(c)(1)) is simply inapplicable to this case.

**Conclusion**

In summary, this Court sees no reason whatever to depart from the conclusions reached in the other Novartis cases cited by its counsel.  This action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 23, 2014

---

[2] That quoted term derives from Rule 6(b)(1)(B)'s test for relief from untimeliness, as to which the Advisory Committee Notes to the 1963 amendment to Rule 25 state:

> The [substitution] motion may not be made later than 90 days after the service of the statement [of death] unless the period is extended pursuant to Rule 6(b), as amended.